**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Pharmavite LLC, | ) | Civil Action No.: 0:21-cv-00361-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Netbus Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Pharmavite LLC ("Pharmavite") filed the instant action against Defendant Netbus Inc. ("Netbus") seeking damages for trademark infringement, unfair competition, dilution, cybersquatting, unfair and deceptive trade practices, and unjust enrichment. (*See* ECF No. 1 at 9 ⁋⁋ 43–16 ⁋ 93.)

This matter is before the court on Netbus' Motion to Dismiss for Improper Venue, or Alternatively, to Transfer ("Motion to Dismiss or Transfer"). (ECF No. 8.) Specifically, Netbus moves the court to dismiss the action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) or requests that it transfer the matter to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). (ECF No. 8 at 1.) Pharmavite opposes Netbus' Motion to Dismiss or Transfer, asserting that venue is proper in the District of South Carolina under 28 U.S.C. § 1391 (*see* ECF No. 13 at 3) and "Netbus' motion is nothing more than an effort to thwart a timely resolution of Plaintiff's pending motion for preliminary injunction." (*Id.* at 4 (referencing ECF No. 7).) For the reasons set forth below, the court hereby **DENIES** Netbus' Motion to Dismiss for Improper Venue but **GRANTS** Netbus' Motion to Transfer and **TRANSFERS** the case to the United States District Court for the Central District of California. (ECF No. 8.)

## I.     RELEVANT BACKGROUND

Pharmavite filed the instant Verified Complaint against Netbus in this court on February 4, 2021.  (*See* ECF No. 1.)  Pharmavite alleges that it is a limited liability company with its principal place of business in West Hills, California.  (ECF No. 1 at 1 ¶ 1.)  Pharmavite also alleges that it sells vitamins, minerals, and dietary supplements under its mark NATURE MADE, and contends that Netbus' sale of its own dietary and nutritional supplements under the "designations NATUREM.D., NATURE M.D., NATURE MD and/or NATUREMD (referred to collectively as the 'NATUREM.D. Designations')" will likely cause confusion or mistake among customers.  (*E.g.*, *id.* at 3 ¶ 11, 7 ¶ 25, 8 ¶ 34.)

Netbus asserts that it is a Delaware corporation with its principal place of business in Newark, California.  (ECF No. 8 at 2.)  "Netbus is the owner of the 'NatureM.D.' trademark" and filed a trademark application for the mark on May 7, 2020.  (ECF 8-1 at 13.)  Netbus alleges that on July 1, 2020, Pharmavite sent Netbus a cease-and-desist letter, claiming that NATUREMD infringed on their copyrighted NATURE MADE and demanding that Netbus withdraw their application and stop using NATUREMD on all products.  (ECF No. 8-1 at 5 ¶ 17–6 ¶ 18 (referencing ECF No. 8-1 at 26).)  After Pharmavite sent a second letter on July 29, 2020, restating its demands (*see id.* at 30), Pharmavite initiated a trademark opposition proceeding against the 682 Application for the NatureM.D. mark on September 3, 2020.  (ECF No. 8-1 at 33.)  Pharmavite then initiated the instant action and served the Complaint on Netbus' agent in Dover, Delaware on February 9, 2021.  (*See* ECF No. 6-1 at 3.)

On February 8, 2021, Netbus initiated its own civil action against Pharmavite in the United States District Court for the Central District of California action seeking a declaratory judgment of no trademark infringement and served Pharmavite's agent on February 10, 2021. (ECF Nos. 8

at 4, 8-1 at 2–11.)  As of February 18, 2021, the trademark opposition proceeding has been stayed

pending the outcome of the South Carolina and California actions.  (ECF No. 8 at 4.)

## II.    LEGAL STANDARD

A.    Motions to Dismiss for Improper Venue

28 U.S.C. § 1406(a) requires the district court in which an action is filed to dismiss if the

"case [is] laying venue in the wrong division or district."  *Id.*  Additionally, Rule 12(b)(3) permits

a party to move for dismissal of an action for improper venue.  Fed. R. Civ. P. 12(b)(3).  Moreover,

"[u]nlike a Rule 12(b)(6) motion, evidence outside the pleadings may be 'freely consider[ed]' in

ruling on a Rule 12(b)(3) motion."  *Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.*, 958 F. Supp. 2d

609, 612 (D. Md. July 26, 2013) (citing *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d

544, 550 (4th Cir. 2006)).  "A plaintiff is obliged, however, to make only a *prima facie* showing

of proper venue in order to survive a motion to dismiss."  *Aggarao v. MOL Ship Mgmt. Co., Ltd.*,

675 F.3d 355, 366 (4th Cir. 2012).  In assessing whether the plaintiff has made this showing, courts

must "view the facts in the light most favorable to the plaintiff."  *Id.*

B.    Motions to Transfer pursuant to 28 U.S.C. §§ 1404(a) or 1406(a)

When a case is filed in an improper venue, 28 U.S.C. § 1406(a) allows for transfer to the

proper venue rather than dismissal to better serve the "interest of justice."  *See id.*  Alternatively,

28 U.S.C. § 1404(a) allows for transfer of cases that are originally filed in a proper venue, but

which have an additional appropriate venue that would also better serve the "interest of justice."

*See id.*  Both sections require that the transfer be to "any district or division in which [the action]

could have been brought."  28 U.S.C. §§ 1404(a), 1406(a).  Transfers "in the interest of justice"

under § 1406(a) follow identical standards as transfers under § 1404(a).  *See Nichols v. G.D. Searle*

*& Co.,* 991 F.2d 1195, 1201 n.5 (4th Cir. 1993).  There are four (4) primary factors considered in

evaluating motions to transfer under § 1404(a) or § 1406(a).  These include: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties and (4) the interest of justice." *Dicken v. United States,* 862 F. Supp. 91, 92 (D. Md. 1994).  In harmony with precedent set forth by the United States Court of Appeals for the Fourth Circuit, federal district courts have also evaluated the following discretionary factors in a transfer motion:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of the judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Chick v. Johnson*, C/A No. 0:18-cv-00814-JMC, 2018 WL 5118499, at *3 (D.S.C. Oct. 19, 2018) (quoting *Broadus v. Delta Air Lines, Inc.*, 101 F. Supp. 3d 554, 561–62 (M.D.N.C. 2015)).  "On balance, these factors must be in favor of the moving party." *Id.* (citation omitted).  "Ultimately, a transfer of venue must 'promote the just and efficient' process of litigation."  *Id.* (quoting *Fairchild Semiconductor Corp. v. Nintendo Co., Ltd.*, 810 F. Supp. 173, 175 (D.S.C. 1992)).

### III.   ANALYSIS

A.   The Parties' Arguments

   *1. Netbus*

Netbus contends that the court should dismiss the case for improper venue in South Carolina because neither party is a resident of the state (ECF No. 8 at 6) and Pharmavite relies on false assertions "(a) that Netbus' 'warehouse and/or secondary place of business' is located in South Carolina, and (b) that a substantial part of the events giving rise to Pharmavite's claims occurred in South Carolina."  (*Id.* at 7.)  Netbus asserts that it "does not now have, and has never

previously had, a principal or other place of business of its own in South Carolina" and "does not own or lease any property, does not own any bank account, and has no office or employee in South Carolina." (*Id.*) Netbus further states that the South Carolina address formerly on their website and packaging referred to in the Complaint is the address of a third-party warehouse owned by International Pharma Packaging ("IPD"), which "provides services as a fulfillment center to temporarily receive and ship the goods that are sold by Netbus." (*Id.*)

Additionally, Netbus asserts that the allegedly offending conduct did not occur when Netbus filed the '682 Application for the NatureM.D. mark, so the listing of IPD's South Carolina address on the Application does not create the nexus. (ECF No. 8 at 8.) Netbus next claims that the offending mark is not "affixed to the products" in the State of South Carolina, nor does the Netbus sales website specifically target South Carolina with its advertising. (*Id.*) Therefore, as a non-resident with no sufficient connection to South Carolina, Netbus moves to dismiss for improper venue. (*Id.* at 9.)

Should the court decline to dismiss the case and find that venue in South Carolina is proper, Netbus moves the court to transfer the matter in the "interests of justice" and for the "convenience of the parties and witnesses." (*Id.*) Netbus asserts that the transfer of this case to the United States District Court for the Central District of California is appropriate because that court would have "jurisdiction over the parties" and is an appropriate venue. (ECF No. 8 at 11.) In support of this assertion, Netbus proffers that "it conducts a substantial amount of business in the greater Los Angeles area within the jurisdiction of the Central District of California where many of its employees reside and work, which is also the location where the events and activities giving rise to Pharmavite's trademark infringement and other related claims occurred." (*Id.*)

Netbus also contends that it would be more convenient for both the witnesses and the

parties to litigate in the United States District Court for the Central District of California, and California better serves the interests of justice.  (*Id.* at 12–17.)  "[Netbus asserts that] many of Netbus' employees with knowledge of information on issues relevant to the claims in this trademark infringement action are in California[] [and its] relevant documents and other evidence are also in California."  (*Id.* at 15 (referencing ECF No. 8-2 at 4 ¶¶ 13–14).)  Additionally, Netbus asserts that Pharmavite's principal place of business is within the Central District of California, and presumes that many of its employees, other witnesses, and documents are located there.  (*Id.* at 13.)  Netbus further adds that even though it's not a permissible consideration, the parties' primary attorneys are located within a few miles of the Los Angeles locations for the Central District of California.  (*Id.* at 15.)

Finally, Netbus argues that considering the pending parallel action between the parties that already exists in California, the first-to-file rule should not apply here because the convenience factors and the interests of justice outweigh the fact that Pharmavite filed first in South Carolina.  (*Id.* at 17–18.)  Moreover, Pharmavite's choice of forum should not be entitled to much weight as neither party resides in South Carolina and "South Carolina has no discernable connection or nexus with the trademark infringement controversy."  (*Id.* at 12.)

*2. Pharmavite*

Pharmavite opposes dismissal of its case arguing that venue is proper in the District of South Carolina under (1) "§ 1391(b)(1) because Netbus failed to contest [or] raise the personal jurisdiction defense and thus has waived its right to challenge venue on that basis"; and under (2) "§ 1391(b)(2) because a substantial part of the events giving rise to the claim occurred" in that "Netbus' goods are shipped to customers after being purchased on Netbus' interactive website – which itself identified Netbus' 'Product Returns' address in South Carolina."  (ECF No. 13 at 3.)

In support of these arguments, Pharmavite asserts that products with infringing labels are packaged and shipped from the fulfillment center in South Carolina, and that all returns are processed at that same center.  (*Id.* at 7.)  Pharmavite further asserts that the South Carolina address was on Netbus' own website and other related websites, and that Netbus is deliberately trying to obscure the connection between itself and South Carolina by removing the address from the website.  (*Id.* at 8.)

Pharmavite also opposes the court transferring the case arguing that the relevant factors do not weigh in Netbus' favor.  (*Id.* at 15.)  To this point, Pharmavite contends that its choice of venue warrants deference because there is a strong connection between Netbus and South Carolina, and that South Carolina is convenient for either party.  (*Id.* at 16–20.)  Finally, Pharmavite asserts that the first-to-file rule is applicable and warrants the court denying Netbus' Motion to Transfer.  (*Id.* at 21.)

B.     The Court's Review

In its Complaint, Pharmavite alleged that "[v]enue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant's warehouse and/or secondary place of business is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State."  (ECF No. 1 at 3 ¶ 9.) Notwithstanding this allegation, Netbus moves the court to either dismiss the complaint or transfer the matter for improper venue.

"An action is subject to dismissal or transfer if venue is improper."  *Zoho Corp. Pvt. Ltd. v. HubSport, Inc.*, Case No. 20-cv-01573-RS, 2020 WL 7133770, at *2 (N.D. Cal. Apr. 24, 2020) (citing Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a)).  "Venue in trademark and unfair competition cases is governed by the general federal venue statute, 28 U.S.C. § 1391(b)."  *French Transit, Ltd.*

7

*v. Modern Coupon Sys., Inc.*, 858 F. Supp. 22, 25 (S.D.N.Y. 1994).  Section 1391(b) provides that venue is proper in (1) "a judicial district in which any defendant resides" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ."  28 U.S.C. § 1391(b).  "[I]f there is no district in which an action may otherwise be brought . . . , [the action may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  *Id.* at § 1391(b)(3).  As a corporation, Netbus resides in any judicial district in which it would be subject to the court's personal jurisdiction.  *Id.* § 1391(c)(2).  "Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper."  *French Transit, Ltd.*, 858 F. Supp. at 25.

Because Netbus did not include a personal jurisdiction defense in its Motion to Dismiss, Pharmavite argues that "[v]enue is proper under § 1391(b)(1) because Netbus failed to contest personal jurisdiction and thus has waived its right to challenge venue on that basis."  (ECF No. 13 at 10 (citing *Accreditation Comm'n for Health Care, Inc. v. NextLOGiK, Inc.*, Case No. 5:20-CV-46-M, 2020 WL 4913280, at *4 (E.D.N.C. Aug. 20, 2020) ("Here, Defendant appears to have waived any objection to personal jurisdiction by failing to raise it in the instant Motion.  Because Defendant has apparently waived its defense of personal jurisdiction, the Defendant has consequently 'ipso factor consented to venue under [§ 1391(b)(1)].'" (internal and external citations omitted))).)  Netbus counters asserting that "Pharmavite's arguments regarding personal jurisdiction are flawed."  (ECF No. 18 at 1 n.1 (citing *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537197, at *4–5 (S.D. Ohio Aug. 17, 2017) ("A defendant's waiver of personal jurisdiction can only 'establish' venue if venue is proper everywhere the defendant is subject to personal jurisdiction." (citation omitted))).)  Upon its review, the court observes that because Netbus based its Motion to Dismiss or Transfer solely on improper venue, the plain

language of Rule 12(g)[1] and 12(h)[2] requires a finding that Netbus waived any defenses regarding the court's lack of personal jurisdiction over it. *See ABC Phones of N.C., Inc. v. Yahyavi*, No. 5:20-CV-0090-BR, 2020 WL 4208923, at *2 (E.D.N.C. July 22, 2020) ("A party waives its personal jurisdiction defense if it does not raise it at the time it files a Rule 12 motion or an answer, whichever is first."); *Brenneman v. Great Wolf Lodge of Kansas City, LLC*, Civil No. 4:15-cv-00683-SRB, 2015 WL 6082105, at *2 (W.D. Mo. Oct. 15, 2015) ("Because Defendants failed to raise the defense of personal jurisdiction in a timely manner, they have waived their objection to personal jurisdiction in this Court."). As a result, the court concludes that Netbus resides in South Carolina pursuant to 28 U.S.C. § 1391(c) and venue is proper under § 1391(b)(1). *Duke Energy Indus. Sales, LLC v. Massey Coal Sales Co.*, C/A No. 5:11-cv-00092, 2011 WL 4744907, at *2 (S.D. W. Va. Oct. 7, 2011) ("[I]f a corporate defendant waives its right to object to personal jurisdiction, then the corporation has ipso facto consented to venue under . . . [28 U.S.C. § 1391], regardless of what contacts exist between the corporation and the district." (citation omitted)).

Even with venue being proper in this district, the court has discretion to transfer the action to any other district where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Upon consideration of the general factors used to guide analysis of a motion to transfer venue under § 1404(a), the court concludes that it should transfer this case to the United States District Court for the Central District of California as requested by Netbus. While neither party submitted extensive documentation regarding the § 1404(a) factors, Netbus provided enough evidence regarding the convenience and

---

[1] "[A] a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."
[2] "A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."

interest of justice factors to overcome Pharmavite's choice of venue and first to file implications. (*See* ECF No. 8-2.)  *Cf. Avant v. Travelers Ins. Co.*, 668 F. Supp. 509, 510 (D.S.C. 1987) (finding that there must be "evidence of record on the issue of convenience other than the allegations within the memorandum attached to the motion to change venue").  Therefore, after reviewing the parties' submissions, the court finds that transfer of this matter to the United States District Court for the Central District of California is "for the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

## IV.    CONCLUSION

Upon careful consideration of the entire record and for the reasons set forth above, the court hereby **GRANTS** Defendant Netbus Inc.'s Motion to Transfer Venue (ECF No. 8) and **TRANSFERS** the matter to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).  The court **DENIES** Netbus' Motion to Dismiss (*id.*) but **DECLINES** to rule on the remaining pending Motion for Preliminary Injunction (*see* ECF No. 7) in this case and leaves resolution of this Motion for the transferee court.

IT IS SO ORDERED.

*J. Michelle Childs*

United States District Judge

September 15, 2021
Columbia, South Carolina